UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN GONZALEZ,                                                                  Index No.: 1:17-cv-00930

                      Plaintiff,
                                                                   **COMPLAINT**

  -against-

PRO QUEST SECURITY INC., individually and d/b/a      Plaintiff Demands a Trial
M&M SECURITY INC., TRIAN FUND MANAGEMENT,           By Jury
L.P., TRIAN FUND MANAGEMENT GP, LLC,  TRIAN
PARTNERS, LP,  KEN SCHWEBEL, individually, and
NELSON PELTZ, individually,

                      Defendants.
------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, Phillips & Associates, Attorneys at Law, PLLC hereby complains of the Defendants, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C., §2000e *et seq.* ("Title VII"), The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"), the Family Medical Leave Act ("FMLA"); and to remedy violations of the Laws of the State of New York and the laws of the County of Westchester, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against on the basis of his actual and/or perceived disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process, interference with protected rights, retaliation, and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et seq.*, 29 U.S.C. §2617; 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3. This action involved a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the Southern District of the State of New York.  28 U.S.C. §1391(b).

5. On or about September 14, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about January 11, 2017, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action is being brought within 90 days of said Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is a disabled male resident of the State of New York, County of Orange.

9. At all times material, Defendant PRO QUEST SECURITY INC., individually and d/b/a M&M SECURITY INC. (hereinafter also referred to as "M&M SECURITY") was and is a domestic business corporation duly operating under the laws of the State of New York.

10. Defendant M&M SECURITY provides security services for executives, celebrities, and other high-profile clients.

11. At all times material, Defendant NELSON PELTZ (hereinafter also referred to as "PELTZ") was and is a resident of the State of New York.

12. At all times material, Defendant PELTZ hired Defendant M&M SECURITY to provide drivers, bodyguards and staff for himself and his family at his 543 Byram Lake Road, Mt. Kisco, NY 10549 residence.

13. At all times material, Defendant PELTZ hired Defendant M&M SECURITY through his company, TRIAN FUND MANAGEMENT, L.P.

14. At all times material, Defendant TRIAN FUND MANAGEMENT, L.P. was and is a foreign limited partnership duly existing under the laws of the State of Delaware.

15. At all times material, Defendant TRIAN FUND MANAGEMENT, L.P. was and is a foreign limited partnership duly authorized to conduct business under the laws of the State of New York.

16. At all times material, Defendant TRIAN FUND MANAGEMENT, L.P. was and is a foreign limited partnership which does conduct business under the laws of the State of New York.

17. At all times material, Defendant PELTZ hired Defendant M&M SECURITY through his company, TRIAN FUND MANAGEMENT GP, LLC.

18. At all times material, Defendant TRIAN FUND MANAGEMENT GP, LLC. was and is a foreign limited liability company duly operating under the laws of the State of Delaware.

19. At all times material, Defendant TRIAN FUND MANAGEMENT GP, LLC. was and is a foreign limited liability company duly authorized to conduct business under the laws of the State of New York.

20. At all times material, Defendant TRIAN FUND MANAGEMENT GP, LLC. was and is a foreign limited liability company which does conduct business under the laws of the State of New York.

21. At all times material, Defendant PELTZ hired Defendant M&M SECURITY through his company, TRIAN PARTNERS, LP.

22. At all times material, Defendant TRIAN PARTNERS, LP was and is a foreign limited liability partnership duly operating under the laws of the State of Delaware.

23. At all times material, Defendant TRIAN PARTNERS, LP was and is a foreign limited liability partnership authorized to conduct business under the laws of the State of New York.

24. At all times material, Defendant TRIAN PARTNERS, LP was and is a foreign limited liability partnership which does conduct business under the laws of the State of New York.

25. At all times material, Defendant PELTZ had the ability to hire and fire Plaintiff, influenced the terms and conditions of Plaintiff's employment, and/or had supervisory authority over Plaintiff.

26. At all times material, Defendant KEN SCHWEBEL (hereinafter also referred to as "SCHWEBEL") was and is a resident of the State of New York.

27. At all times material, Defendant SCHWEBEL was and is an employee of Defendant PELTZ through his companies, TRIAN FUND MANAGEMENT, L.P., TRIAN FUND MANAGEMENT GP, LLC, and TRIAN PARTNERS, LP, employed as a "Property Manager."

28. At all times material, Defendant SCHWEBEL was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

29. Defendant M&M SECURITY, Defendant TRIAN FUND MANAGEMENT, L.P., TRIAN FUND MANAGEMENT GP, LLC, TRIAN PARTNERS, LP, Defendant PELTZ, and Defendant SCHWEBEL are herein also collectively referred to as "Defendants."

30. At all times material, Defendant M&M SECURITY, Defendant TRIAN FUND MANAGEMENT, L.P., TRIAN FUND MANAGEMENT GP, LLC, TRIAN PARTNERS, LP, and Defendant PELTZ were Plaintiff's joint employers.

31. At all times material, Defendant M&M SECURITY, Defendant TRIAN FUND MANAGEMENT, L.P., TRIAN FUND MANAGEMENT GP, LLC, TRIAN PARTNERS, LP, and Defendant PELTZ were and are qualified joint employers under the FMLA.

32. At all times material, Plaintiff was a qualified employee under the FMLA.

## MATERIAL FACTS

33. On or about January 17, 2015, Plaintiff began working for Defendant M&M SECURITY as a "Bodyguard" at the home of Defendant PELTZ, located at 543 Byram Lake Road, Mt. Kisco, NY 10549 location. Plaintiff's duties included driving and escorting the Peltz family to social events and shopping, walking their dogs and checking the dogs for ticks, as well as various other tasks on an on-call basis.

34. At the time of hire, Plaintiff informed Defendant SCHWEBEL that he suffered from diabetes, which he managed with medication and periodic medical visits.

35. Throughout his employment, Plaintiff was praised for his attentive and diligent work performance, and he soon became a trusted employee of Defendant PELTZ.

36. For example, in or around November 2015, in a text message to Plaintiff, Defendant SCHWEBEL wrote, "Juan, when it comes to Mr/Mrs [PELTZ] I hand pick people to do this. It's not any one that is in. I picked you cause of the trust I have in you to be with both of them. So thank you."

37. In addition, despite his disability, Plaintiff never took a sick day while working for Defendants.

38. On or about July 2, 2016, Plaintiff woke up experiencing shortness of breath and severe symptoms relating to his diabetes.

39. Immediately thereafter, at 5:38 a.m., Plaintiff called Defendant M&M SECURITY's "Dispatcher," Aaron Hess, and informed him that he had to go to the emergency room and he could not work that day. Mr. Hess replied, "Ok, no problem."

40. That same day, at 6:21 a.m., Defendant SCHWEBEL text messaged Plaintiff, **"Juan, not a wise choice to call out today. Put everybody in a jamb (sic). But if youre (sic) that sick please take off all next week when the family is not here and get better. Ken."** Nevertheless, Defendant SCHWABEL began to harass Plaintiff for his request for a reasonable accommodation.

41. Defendant SCHWABEL telephoned Plaintiff while he was undergoing tests with his medical examiner, Ms. Romilda Canale, FNP, and also sent him a text message stating, **"Call me."**

42. Although he was still experiencing symptoms, Plaintiff asked Ms. Canale to allow him to call back Defendant SCHWABEL because he feared that his job was in jeopardy.

43. Plaintiff then returned Defendant SCHWABEL's call. Plaintiff also put the call on speakerphone. Without asking Plaintiff about his symptoms or ability to return to work, Defendant SCHWABEL demanded, **"You have to drive the family home tonight."** Plaintiff replied, "I can't. I'm in the doctor's office, in the examination room. I have a serious medical condition. I cannot go to work." Defendant SCHWEBEL simply said, **"Well I don't care. You better come in. If you don't, don't bother coming back. I won't be needing you anymore."** Plaintiff replied, **"You're firing me because I'm sick? You know that in the time I've been working for you, I've never taken a sick day nor a vacation day. Why are you doing this to me?"**

44. Hearing the conversation, Ms. Canale became concerned and intervened.  Ms. Canale said, "Excuse me, sir, I am this patient's doctor and this patient has a very serious medical condition.  He's diabetic and his reading is over 300.  You cannot force this man to go to work.  He cannot come back to work until July 5th.  I'm telling you he's sick."

45. Defendant SCHWABEL ignored Ms. Canale and yelled, **"Get off the phone, I'm not talking to you.  Put Juan back on.  Juan, if you don't show up, then don't come back, cause you need to take the family out on a run."**

46. This conversation constituted a request for a reasonable accommodation relating to Plaintiff's disability.

47. Defendants failed to engage in the interactive process.

48. On or about July 2, 2016, Defendants terminated Plaintiff because of his disability and/or perceived disability.

49. On or about July 2, 2016, Defendants retaliated and terminated Plaintiff because he put them on notice that he would need a reasonable accommodation.

50. On or about July 2, 2016, Defendants terminated Plaintiff so they would not have to accommodate his disability.

51. On or about July 2, 2016, Defendants retaliated and terminated Plaintiff in order to avoid having to provide Plaintiff with FMLA leave.

52. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

56. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

**AS A FIRST CAUSE OF ACTION
UNDER TITLE VII
<u>DISCRIMINATION</u>**

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended for relief based upon the unlawful employment practice of the above-named Defendants.

59. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon his actual and/or perceived disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process, interference with protected rights, retaliation and unlawful termination.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## RETALIATION

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e- 3(a) provides that it shall be an unlawful employment practice for an employer:

    "(1) to…discriminate against any of his employees… because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

62. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to Defendants' unlawful employment practices.

## AS A THIRD CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
## DISCRIMINATION

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. Plaintiff claims the Defendants violated Titles I and V of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. Section 12112 specifically states:

    a. General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

65. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
### RETALIATION and INTERFERENCE

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. Section 42 U.S.C. §12203 of the ADA. Prohibition against retaliation and coercion provides as follows:

    a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b) Interference, coercion, or intimidation: It shall be an unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

68. Defendants violated Plaintiff's above rights as set forth herein.

### AS A FIFTH CAUSE OF ACTION
### UNDER THE FAMILY AND MEDICAL LEAVE ACT
### RETALIATION & INTERFERENCE

69. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. §2615 of the Act states as follows:

    (a) Interference with rights

> (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>
> (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

71. Defendants interfered with Plaintiff's rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from his employment for his attempt to exercise his FMLA right to take leave, instead of reinstating him in the same or substantially similar position he held before his request.

### AS A SIXTH CAUSE OF ACTION
### UNDER NEW YORK STATE LAW
### <u>DISCRIMINATION</u>

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the actual or perceived … disability… of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his actual and/or perceived disability.

## AS A SEVENTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## <u>FAILURE TO PROVIDE A REASONABLE ACCOMMODATION</u>

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. New York State Executive Law §296(3)(a) provides:

> "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities of an employee, prospective employee or a member in connection with a job or occupation sought or held or participated in a training program."

77. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff by failing to provide a reasonable accommodation for his actual and/or perceived disability, failing to engage in the interactive process, interference with his protected rights, retaliation, and unlawful termination.

## AS A EIGHTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## <u>RETALIATION</u>

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

80. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to his

employer's unlawful employment practices, as well as for having requested a reasonable accommodation.

### AS A NINTH CAUSE OF ACTION
### UNDER NEW YORK STATE LAW
### AIDING & ABETTING

81. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82. New York Executive Law §296(6) provides that it shall be an unlawful discriminatory practice, "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

83. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A TENTH CAUSE OF ACTION
### UNDER THE LAWS OF THE COUNTY OF WESTCHESTER
### DISCRIMINATION

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

85. Westchester County Human Rights Law §700.03(a)(1) provides that it shall be an unlawful discriminatory practice:

> "For any employer. …to discriminate against any person in compensation or in terms, conditions or privileges of employment because of such person's actual or perceived group identity. . ."

86. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of his actual and/or perceived disability, together with failure to engage in the interactive process, interference with protected rights, retaliation and unlawful termination.

### AS A ELEVENTH CAUSE OF ACTION
### UNDER THE LAWS OF THE COUNTY OF WESTCHESTER
### RETALIATION

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. Westchester County Law Chapter 700.07(b) provides that it shall be an unlawful discriminatory practice:

    "For any person engaged in any activity to which this chapter applies to retaliate or discriminate against any person because he or she: (1) has opposed any practices forbidden under this chapter…"

89. Defendants engaged in unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's opposition to his employer's unlawful employment practices, and because he requested a reasonable accommodation.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), the New York State Executive Law and the laws of the County of Westchester, that Defendants discriminated against Plaintiff on the basis of his actual and/or perceived disability, together with failure to engage in the interactive process, interference with protected rights, retaliation and wrongful termination;

B.  Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount in excess of the jurisdiction of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff liquidated damages under the FMLA;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       February 8, 2017

By: _____
**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**
*Attorneys for Plaintiff*
Silvia C. Stanciu, Esq.
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431