# CURLEY, HURTGEN & JOHNSRUD LLP
COUNSELORS AT LAW
5 PENN PLAZA, 23RD FLOOR
NEW YORK, NY 10001-1821
(646) 378-2244
www.chjllp.com

Michael A. Curley
(646) 378-2231
mcurley@chjllp.com

April 27, 2017

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Juan Gonzalez v. Pro Quest Security, Inc., et al.*, Case No. 1:17-cv-00930

Dear Judge Ramos:

We represent defendants Nelson Peltz and Trian Fund Management, L.P. ("Trian") in this action. Pursuant to your Court Rules, Mr. Peltz and Trian request permission to file a motion to dismiss plaintiff Juan's Gonzalez's First Amended Complaint. The reasons for that requested motion are set out below.

Mr. Gonzalez alleges that he was unlawfully terminated from his job as a driver/security guard with his employer, defendant M&M Security, because he called in sick on July 2, 2016. His work as an employee of M&M involved providing security and transportation services for Mr. Peltz and his family at their home in Mt. Kisco, New York. Mr. Gonzalez alleges that defendant Ken Schwebel, who oversees security for the Peltz family and who is not employed by Mr. Peltz or by Trian, first chastised him for calling in sick when he was experiencing shortness of breath that day. Mr. Gonzalez further alleges that Mr. Schwebel later yelled at him and then fired him or caused him to be fired by M&M when he returned Mr. Schwebel's call from a nurse practitioner's office where he claims he was receiving treatment.

As a result of the alleged actions by Mr. Schwebel that day, Mr. Gonzalez asserts a series of claims against Mr. Peltz and Trian. Specifically, he alleges claims for discrimination, retaliation, and unlawful interference under the Americans With Disabilities Act (the "ADA") (Counts I and II), claims for retaliation and unlawful interference under the Family and Medical Leave Act (the "FMLA") (Count III), claims for discrimination, failure to provide reasonable accommodation, and retaliation under the New York Executive Law (Counts IV, V, and VI), and claims for aiding and abetting under the New York Executive Law (Count VII). Mr. Gonzalez also asserts claims under those same laws against M&M and Mr. Schwebel.

38373.doc

The Honorable Edgardo Ramos
Page 2
April 27, 2017

Although Mr. Gonzalez's First Amended Complaint dropped some counts against Mr. Peltz and Trian that had been in his original Complaint and also dropped two other Trian entities as defendants, in response to my earlier (March 10, 2017) pre-motion letter, the recently-filed First Amended Complaint still fails to allege any facts to support any of his claims against Mr. Peltz or Trian. While Mr. Gonzalez alleges in his First Amended Complaint that Mr. Peltz "had the ability to hire and fire Plaintiff, influence the terms and conditions of Plaintiff's employment, and/or had supervisory authority over Plaintiff" (First Amended Complaint ¶ 23), there is nothing in the First Amended Complaint alleging or suggesting that Mr. Peltz had anything to do with the alleged conduct that forms the basis for any of Mr. Gonzalez's four Counts in that First Amended Complaint against Mr. Peltz. There is likewise nothing in that First Amended Complaint supporting the allegations that Mr. Peltz was Mr. Gonzalez's employer or that Mr. Peltz was a joint employer with M&M. Indeed, the sole allegation against Mr. Peltz – that he could "hire and fire" Plaintiff – is not enough to support a finding of joint employment status under any of the laws cited in Mr. Gonzalez's First Amended Complaint. *See, e.g., Yacklon v. E. Irondequoit Cent. Sch. Dist.*, 733 F. Supp.2d 385, 390 (W.D.N.Y. 2010).

As to Trian, Mr. Gonzalez likewise merely alleges joint employment between Trian and M&M in a blanket statement, again without providing sufficient facts or support to state any claims against Trian. There are still no allegations in the First Amended Complaint that support that notion or that suggest that Trian had anything to do with Mr. Gonzalez's allegations and remaining claims in this action. In fact, Mr. Gonzalez's First Amended Complaint makes clear that Trian *was not* Mr. Gonzalez's employer and that Trian had nothing to do with his allegations and claims in this action.

Mr. Gonzalez's New York State Executive Law discrimination and retaliation claims against Mr. Peltz are likewise subject to dismissal on numerous grounds. First, the Executive Law claims for discrimination, failure to provide reasonable accommodation, and retaliation fail to satisfy the requirements of Rule 8, since they are part of a group pleading only that does not put each individual defendant on notice of his or its alleged misconduct. (First Amended Complaint ¶ 29.) *See Lippe v. Bairnco Corp.*, 96 Civ. 7600, 1998 U.S. Lexis 16060, at *39 (S.D.N.Y. Oct. 14, 1998). These claims also fail under the Supreme Court's *Iqbal/Twombly* doctrine because there are no allegations that Mr. Peltz engaged in any unlawful conduct in violation of the Executive Law. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (holding that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations"). Moreover, under Second Circuit law Mr. Peltz cannot be personally liable under the NYSHRL because, here again, there is no allegation that Mr. Peltz participated in the conduct giving rise to

The Honorable Edgardo Ramos
Page 3
April 27, 2017

the claims being asserted. *See, Feingold v. New York,* 366 F.3d 138, 157 (2d Cir. 2004) (citing *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir. 1995)).

Mr. Gonzalez's Executive Law aiding and abetting claim against Mr. Peltz similarly fails because, here again, there are no allegations that Mr. Peltz personally engaged in any conduct that could trigger aider and abettor liability under the Executive Law. Under the NYSHRL, an employee may be held liable for aiding and abetting a discriminatory act if he or she "actually participates in the conduct giving rise to a discrimination claim." *Tulino v. City of N.Y.,* No. 15-CV-7106, 2016 WL 2967847, at *5 (S.D.N.Y. May 19, 2016); *Torres v. N.Y. Methodist Hosp.,* No. 15CV1264, 2016 WL 3561705, at *12 (E.D.N.Y. Jan. 7, 2016) (holding and recognizing that individuals *may not* be held liable under the NYSHRL unless he or she actively participates in the illegal conduct).

As to Trian, all of Mr. Gonzalez's claims likewise fail under Rule 8 and the *Iqbal/Twombly* standard, since group pleadings and mere labels without supporting facts alleged as to each defendant fail as a matter of law. Aside from that threshold failure as to employer status, Mr. Gonzalez's claims against Trian also fail because Mr. Gonzalez does not allege or suggest that Trian engaged in any conduct violating any of the statutes relied upon by Mr. Gonzalez in his claims. His attempt to hold Trian liable as a joint employer with his actual employer, defendant M&M, is similarly unavailing because Mr. Gonzalez has failed to plead any conduct on the part of Trian that could make it a joint employer under applicable law.

For the reasons set out herein, Mr. Peltz and Trian request permission to file a motion to dismiss as to the claims asserted against them in Mr. Gonzalez's First Amended Complaint. Whatever the merit or lack of merit of his claims against M&M and Mr. Schwebel, Mr. Gonzalez should not be permitted to pursue the stated claims against Mr. Peltz and Trian simply because he sees them as "deep pockets" when the law is clear that his attempts to state claims against them fail under applicable law, as set out above and as can be set out more fully in the requested motion to dismiss.

Respectfully,

Michael A. Curley

cc:   Silvia C. Stanciu, Esq.
      Bryan S. Arce, Esq.

38373.doc