UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN GONZALEZ,

                Plaintiff,

-against-

PRO QUEST SECURITY, INC., M. & M. SECURITY,
INC., and KEN SCHWEBEL, individually,

                Defendants.
------------------------------------------------------------------X

Index No.: 1:17-cv-00930

**SECOND AMENDED COMPLAINT**

Plaintiff Demands a Trial
By Jury

Plaintiff, by and through his attorneys, Phillips & Associates, Attorneys at Law, PLLC hereby complains of the Defendants, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA") and to remedy violations of the Laws of the State of New York based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against on the basis of his actual and/or perceived disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process, interference with protected rights, retaliation, and unlawful termination.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et seq.*, 29 U.S.C. §2617; 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3. This action involved a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about September 14, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about January 11, 2017, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action was initially brought within 90 days of said Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is a disabled male resident of the State of New York, County of Orange.

9. At all times material, Defendant PRO QUEST SECURITY, INC., (hereinafter also referred to as "PRO QUEST") was and is a domestic business corporation duly operating under the laws of the State of New York.

10. At all times material, Defendant M. & M. SECURITY, INC. (hereinafter also referred to as "M. & M. SECURITY") was and is a domestic business corporation duly incorporated under the laws of the State of New York.

11. At all times material, Defendant PRO QUEST and Defendant M. &. M. SECURITY were Plaintiff's joint employers.

12. At all times material, Defendant PRO QUEST and Defendant M. & M. SECURITY are working together and/or are working as two entities-in-one.

13. At all times material Defendant PRO QUEST and Defendant M. & M. SECURITY are doing business at the same address, 693 Broadway, Massapequa, NY 11758.

14. At all times material, Defendant PRO QUEST and Defendant M. & M. SECURITY were/are run by a married couple. Defendant PRO QUEST is run by Madeline Mucci, while Defendant M. & M. SECURITY is run by her husband, Ronald Mucci.

15. At all times material, Defendant PRO QUEST and Defendant M. & M. SECURITY were doing business through the same website, www.proquestsecurity.com.

16. At all times material, Defendant PRO QUEST and Defendant M. & M. SECURITY provide the same security services for executives, celebrities, and other high-profile clients.

17. At all times material, Defendant KEN SCHWEBEL (hereinafter also referred to as "SCHWEBEL") was and is a resident of the State of New York.

18. At all times material, Defendant SCHWEBEL was employed as a "Property Manager" at 543 Byram Lake Road, Mt. Kisco, NY 10549.

19. At all times material, Defendant SCHWEBEL was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

20. At all times material, Defendant SCHWEBEL was an employee of Defendant PRO QUEST and Defendant M. & M. SECURITY.

21. Defendant PRO QUEST, Defendant M. & M. SECURITY, and Defendant SCHWEBEL are herein also collectively referred to as "Defendants."

22. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

23. On or about January 17, 2015, Plaintiff began working for Defendants as a "Driver/Bodyguard" at the home of Nelson Peltz, located at 543 Byram Lake Road, Mt. Kisco, NY 10549 location. Plaintiff's duties included driving and escorting the Peltz family to social events and shopping, walking their dogs and checking the dogs for ticks, as well as various other tasks on an on-call basis.

24. At the time of hire, Plaintiff informed Defendant SCHWEBEL that he suffered from diabetes, which he managed with medication and periodic medical visits.

25. Throughout his employment, Plaintiff was praised for his attentive and diligent work performance, and he soon became a trusted employee of the Peltz family.

26. For example, in or around November 2015, in a text message to Plaintiff, Defendant SCHWEBEL wrote, "Juan, when it comes to Mr/Mrs [Peltz] I hand pick people to do this. It's not any one that is in. I picked you cause of the trust I have in you to be with both of them. So thank you."

27. In addition, despite his disability, Plaintiff never took a sick day while working for Defendants.

28. On or about July 2, 2016, Plaintiff woke up experiencing shortness of breath and severe symptoms relating to his diabetes.

29. Immediately thereafter, at 5:38 a.m., Plaintiff called Defendants' "Dispatcher," Aaron Hess, and informed him that he had to go to the emergency room and he could not work that day. Mr. Hess replied, "Ok, no problem."

30. That same day, at 6:21 a.m., Defendant SCHWEBEL text messaged Plaintiff, **"Juan, not a wise choice to call out today. Put everybody in a jamb (sic). But if youre (sic) that sick please take off all next week when the family is not here and get better. Ken."**

Nevertheless, Defendant SCHWEBEL began to harass Plaintiff for his request for a reasonable accommodation.

31. Defendant SCHWEBEL telephoned Plaintiff while he was undergoing tests with his medical examiner, Ms. Romilda Canale, FNP, and also sent him a text message stating, **"Call me."**

32. Although he was still experiencing symptoms, Plaintiff asked Ms. Canale to allow him to call back Defendant SCHWEBEL because he feared that his job was in jeopardy.

33. Plaintiff then returned Defendant SCHWEBEL's call. Plaintiff also put the call on speakerphone. Without asking Plaintiff about his symptoms or ability to return to work, Defendant SCHWEBEL demanded, **"You have to drive the family home tonight."** Plaintiff replied, "I can't. I'm in the doctor's office, in the examination room. I have a serious medical condition. I cannot go to work." Defendant SCHWEBEL simply said, **"Well I don't care. You better come in. If you don't, don't bother coming back. I won't be needing you anymore."** Plaintiff replied, **"You're firing me because I'm sick? You know that in the time I've been working for you, I've never taken a sick day nor a vacation day. Why are you doing this to me?"**

34. Hearing the conversation, Ms. Canale became concerned and intervened. Ms. Canale said, "Excuse me, sir, I am this patient's doctor and this patient has a very serious medical condition. He's diabetic and his reading is over 300. You cannot force this man to go to work. He cannot come back to work until July 5th. I'm telling you he's sick."

35. Defendant SCHWEBEL ignored Ms. Canale and yelled, **"Get off the phone, I'm not talking to you. Put Juan back on. Juan, if you don't show up, then don't come back, cause you need to take the family out on a run."**

36. This conversation constituted a request for a reasonable accommodation relating to Plaintiff's disability.

5

37. Defendants failed to engage in the interactive process.

38. On or about July 2, 2016, Defendants terminated Plaintiff because of his disability and/or perceived disability.

39. On or about July 2, 2016, Defendants retaliated and terminated Plaintiff because he put them on notice that he would need a reasonable accommodation.

40. On or about July 2, 2016, Defendants terminated Plaintiff so they would not have to accommodate his disability.

41. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

45. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

## AS A FIRST CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
## DISCRIMINATION
### (Against Defendant M. & M. SECURITY only)

46. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. Plaintiff claims that Defendant M. & M. SECURITY violated Titles I and V of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. Section 12112 specifically states:

> a. General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

48. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
## RETALIATION and INTERFERENCE
### (Against Defendant M. & M. SECURITY only)

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Section 42 U.S.C. §12203 of the ADA. Prohibition against retaliation and coercion provides as follows:

> a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> b) Interference, coercion, or intimidation: It shall be an unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any

other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

51. Defendant M. & M. SECURITY violated Plaintiff's above rights as set forth herein.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## <u>DISCRIMINATION</u>
## (Against All Defendants)

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Executive Law § 296 provides that:

> "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the actual or perceived ... disability... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

54. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his actual and/or perceived disability.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## <u>FAILURE TO PROVIDE A REASONABLE ACCOMMODATION</u>
## (Against All Defendants)

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. New York State Executive Law §296(3)(a) provides:

> "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities of an employee, prospective employee or a member in connection with a job or occupation sought or held or participated in a training program."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff for his actual and/or perceived disability, failing to provide a reasonable accommodation, failing to engage in the interactive process, and interfering with his protected rights, together with retaliation and unlawful termination.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## RETALIATION
### (Against All Defendants)

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

60. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to his employer's unlawful employment practices, as well as for having requested a reasonable accommodation.

## AS A SIXTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## AIDING & ABETTING
### (Against Defendant SCHWEBEL Only)

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York Executive Law §296(6) provides that it shall be an unlawful discriminatory practice, "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act ("ADA") and the New York State Executive Law, and that Defendants discriminated against Plaintiff on the basis of his actual and/or perceived disability, together with failure to engage in the interactive process, interference with protected rights, retaliation and wrongful termination;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       June 12, 2017

By: _____
**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**
*Attorneys for Plaintiff*
Silvia C. Stanciu, Esq.
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431